IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

TIMOTHY PARSONS,

      Plaintiff,

V.                                        CIVIL ACTION NO. 3:08-1019

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits.  The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his application for disability insurance benefits on April 5, 2001, alleging disability commencing April 9, 2000, as a consequence of lower back pain, right leg and foot pain, and the inability to sit or stand for a prolonged period of time. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review.   Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty years of age and had obtained a high school education. His past relevant employment experience consisted of work as a mechanic

and welder. In his decision, the administrative law judge found that plaintiff suffered from degenerative disc disease of the lumbar spine, generalized osteoarthritis and depressive disorder, impairments which he considered severe.   Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that deficiencies exist that will require remand for further proceedings.   Plaintiff contends that the administrative law judge failed to properly consider his previous findings concerning his limitations.  The administrative law judge issued an unfavorable decision on May 28, 2002 that limited plaintiff to a significant range of sedentary work.   The Appeals Council rejected the findings of the administrative law judge and remanded the case back to the Commissioner based on a faulty credibility finding, and to consider new, material evidence received on appeal by the Council.  On remand, the administrative law judge again denied plaintiff's claim, only this time finding that he was capable of a limited range of light level work.

Plaintiff argues that the principle of Lively v. Secretary of Health and Human Services, 820 F.2d 1391 (4th Cir. 1987); as clarified by Albright v. Commissioner of Social Security Administration, 174 F.3d 473 (4th Cir. 1999), requires consideration of the administrative law judge's prior residual functional capacity finding.  According to AR 00-1(4), which attempts to clarify the

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

holdings in <u>Lively</u> and <u>Albright</u>, an adjudicator "must consider ... a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances."  Plaintiff acknowledges that this Acquiescence Ruling applies only to what is described as a subsequent claim with an unadjudicated period, however, while <u>Albright</u> and the Acquiescence Ruling are not directly on point, the Court finds their logic to be persuasive.  The Court in <u>Albright</u> stated that the <u>Lively</u> decision was predicated on "principles of finality and fundamental fairness," and not directly on the incorporation of *res judicata* into the Social Security Act through 42 U.S.C. § 405(h).[3]  The Court went on to say that the <u>Lively</u> decision is best understood as a practical illustration of the substantial evidence rule, and that a prior finding as to a plaintiff's residual functional capacity is such an important fact that a subsequent finding to the contrary may not be supported by substantial evidence.[4]

Although the present case concerns a remand by the Appeals Council, instead of a subsequent application, the same fairness principles should apply.  The administrative law judge did not mention his prior finding regarding plaintiff's functional capacity, and did not adequately explain his reasoning for finding plaintiff was now capable of more strenuous work.  The case was remanded to the administrative law judge because the Appeals Council received new evidence that tended to further substantiate plaintiff's complaints.[5]  While the administrative law judge clearly is not bound by his prior residual functional capacity finding, it is incumbent upon him to consider this as part of

---

[3] <u>Albright</u>, supra at 477.

[4] <u>Id.</u>

[5] This evidence consisted of medical records that showed he had tried a spinal cord stimulator, injections, and was considering a morphine pump to help alleviate his symptoms, as well as the opinion of his treating physician that he was unable to work.

3

the evidence and specifically state any reasons for straying from this prior finding, including evidence in support of the change.  Furthermore, before this Court can conduct a reasoned review of his decision, the Secretary must "explicitly indicate 'the weight given to all relevant evidence,'" articulating "the reasons underlying his actions... ." Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987).  The Court believes that the principle of fairness referenced by the Fourth Circuit in Albright requires such reconciliation of the evidence in order to provide a just result, and to facilitate meaningful review.

From the foregoing, it is clear that the administrative law judge's findings in regard to plaintiff's residual functional capacity are not supported by substantial evidence.  On remand, the parties should be permitted to submit additional evidence, and the Commissioner shall then re-evaluate the claim based on all of the evidence in the record, including any newly submitted materials.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER:   January 7, 2010

MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE

4